2006 WY 139

**BOARD OF PROFESSIONAL RESPONSIBILITY, Wyoming State Bar, Petitioner,**

v.

**Richard J. ALBANESE, Wyoming State Bar Attorney No. 5–1964, Respondent.**

**No. D–06–6.**

Supreme Court of Wyoming.

Oct. 31, 2006.

## ORDER OF DISBARMENT

This matter came before the Court upon a "Report and Recommendation for Disbarment" filed herein October 17, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, Respondent's "Section 15 [sic—16] Affidavit," and the file, finds that the Report and Recommendation for Disbarment should be approved, confirmed, and adopted by the Court. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Disbarment, a copy of which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that, effective this date, the Respondent, Richard J. Albanese, shall be, and hereby is, disbarred from the practice of law in this state; and it is further

**ORDERED** that the Board of Professional Responsibility is hereby authorized to issue a press release consistent with the proposed press release contained in the Report and Recommendation for Disbarment; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Richard J. Albanese shall reimburse the Wyoming State Bar the amount of $100.00, representing some of the costs incurred in handling this matter, as well as pay an administrative fee of $500.00. Mr. Albanese shall pay the total amount of $600.00 to the Clerk of the Board of Professional Responsibility on or before December 15, 2006; and it is further

* Chief Justice Voigt took no part in the consider-

**ORDERED** that Respondent shall comply with the requirements of the Disciplinary Code for the Wyoming State Bar, particularly the requirements found in Section 22 of the Disciplinary Code; and it is further

**ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Disbarment, along with the incorporated Report and Recommendation for Disbarment, shall be published in the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Disbarment, along with the Report and Recommendation for Disbarment, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that the Clerk of this Court shall cause a copy of the Order of Disbarment to be served upon the Respondent, Richard J. Albanese; and it is further

**ORDERED** that the Clerk of this Court shall transmit a copy of this Order of Disbarment to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

BY THE COURT: *
/s/ William U. Hill
WILLIAM U. HILL
Justice

## BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR STATE OF WYOMING

*In the matter of*
*RICHARD J. ALBANESE,*
*WSB Attorney No. 5–1964,*
*Respondent.*

*Docket No. 2005–31*

## REPORT AND RECOMMENDATION FOR DISBARMENT

The Board of Professional Responsibility makes the following report and recommendation for disbarment, with its findings of fact,

ation of this matter.

conclusions of law, and recommendation to the Supreme Court of Wyoming:

## FINDINGS OF FACT

1. Respondent is currently a suspended member of the Wyoming State Bar pursuant to the Order of Interim Suspension from the Wyoming Supreme Court dated 21 March 2006.

2. On 20 August 2005, Respondent was arrested in Park County, Wyoming, and charged with three counts of drug possession, two charged as felonies and one misdemeanor. Count II, possession of hydrocodone, was later amended to a misdemeanor upon motion of the State of Wyoming. Respondent was also issued a ticket for failure to stop at a stop sign and a ticket for driving under the influence of an alcoholic beverage.

3. On 13 October 2005, Respondent pled guilty to the two traffic violations and was sentenced to twenty days in the Park County Jail and total fine and cost assessment of $810.00. Respondent had served two days of his sentence, and the remaining 18 days were suspended. Respondent was placed on probation until 12 April 2006. The conditions of probation included not possessing or using any controlled substance and not consuming any alcoholic beverages. Respondent was also required to submit to blood, breath or urine tests as requested by law enforcement as a condition for his release on bond.

4. On 6 October 2005, Respondent provided a urine sample to the Powell Police Department which tested positive for amphetamines. Prior to giving that sample, Respondent attempted to provide the police officer a substance that was not his urine in order to avoid the positive test result.

5. As a result of that positive test result, his bond was not revoked at that time.

6. In November 2005, Respondent completed a 28 day program of inpatient substance abuse treatment at the Cedar Mountain Center in Cody, Wyoming.

7. On 3 February 2006, the Powell Police Department requested that Respondent provide a breath and urine test. Respondent attempted to thwart the urine test by providing a liquid that was not his urine. Respondent ultimately tested positive for alcohol by the breath test, but refused a urinalysis.

8. On 8 February 2006, a Bench Warrant was issued for his arrest pursuant to a motion for bond revocation. Respondent failed to turn himself in after learning of that Bench Warrant.

9. After being arrested, Respondent appeared in Circuit Court and consented and stipulated to no bond being set at that time. On 16 April 2006, a new bond was set at $10,000 cash or surety. Respondent was unable to meet that bond and remained in jail pending his sentencing on 16 June 2006.

10. Respondent pled guilty to violation of W.S. § 35–7–1031(c)(ii), possession of methamphetamine, § 35–7–103(c)(i), possession of hydrocodone, and § 35–7–1031(c)(i), possession of marijuana. On 16 June 2006, Respondent was sentenced by Judge Sanderson to 12 to 18 months on Count I, a felony, and 6 month terms on Counts II and III, misdemeanors. All three terms were ordered to be served concurrently. Respondent was given credit for 109 days previously served and ordered to pay surcharges and costs in the amount of $405.00. In addition, Respondent was released to house arrest until admission to an inpatient alcohol/substance abuse treatment center. Respondent will ultimately be placed on 3 years probation after his release from inpatient treatment.

11. Respondent agrees that his conduct in regard to these criminal charges violated Rule 8.4(b) of the Wyoming Rules of Professional Conduct.

## CONCLUSIONS OF LAW

12. Standard 5.11 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in disbarment for violation of Rule 8.4(b):

Disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of con-

trolled substances' or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

13. Although Respondent's felonies were in regard to possession of controlled substances, not sale or distribution, his other actions of continuing to use controlled substances/alcohol contrary to his sentencing on the DUI charge earlier and then attempts to foil the tests with the use of someone else's urine are conduct which involve "deceit or misrepresentation that seriously adversely reflects on [his] fitness to practice," as noted above in Standard 5.11(b).

14. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors in this case are:

i. Section 9.22(i)—substantial experience in the practice of law.

b. Applicable mitigating factors are:

i. Section 9.32(a)—absence of a prior disciplinary record;

ii. Section 9.32(e)—full and free disclosure to disciplinary board or cooperative attitude toward proceedings; and

iii. Section 9.32(k)—imposition of other penalties or sanctions.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

15. As an appropriate sanction for his violations of Rule 8.4(b), Respondent should be disbarred and ordered to pay the costs of this matter, capped at this time at $100 and to pay the $500 administrative fee no later than 1 December 2006. If in the future Respondent wants to again practice law, Respondent must seek reinstatement under the Disciplinary Code.

16. The following should be provided in a press release:

"Powell Attorney Richard Albanese, already on interim suspension from the practice of law since March 2006, was disbarred by order of the Wyoming Supreme Court on _____ 2006. Mr. Albanese pled guilty to the charge of possession of controlled substances which is a violation of Rule 8.4(b) of the Wyoming Rules of Professional Conduct.

Mr. Albanese stipulated to these facts and consented to this disbarment. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court disbar Mr. Albanese. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order disbarring Mr. Albanese. The Order also required Mr. Albanese to pay some of the costs of the Wyoming State Bar for prosecuting these matters."

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended October 17, 2006.

/s/ Joe Teig
Joe Teig, Chair
Board of Professional Responsibility